## DAVID N. FALES & *al. versus* NATHANIEL GOODHUE & *al.*

To avoid the forfeiture of the condition of a bond given by a debtor, in accordance with the provisions of Rev. Stat. c. 148, to obtain a release from arrest on execution, he is bound to comply with one of the alternatives contained in the condition, unless prevented by the obligee, or the law, or the act of God, from so doing.

The poor debtor's oath should be taken before the expiration of the six months next after the giving of the bond, or it will not furnish a legal defence to an action thereon.

When the two justices of the peace and of the quorum are legally authorized to act in taking the examination of a debtor, who has been arrested on an execution and has given a bond under the provisions of Rev. Stat. c. 148, they may adjourn from time to time; but if their adjournments "exceed three days in the whole, exclusive of the Lord's day," their power to act ceases, and any oath administered by them to the debtor, after the expiration of the three days, is inoperative, and cannot furnish a defence to an action on the bond.

DEBT on a poor debtor's bond, dated April 25, 1843. The record of the justices shows, that they first met and organized on Oct. 24, 1843; and that they "then adjourned to the 25th day of October, 1843"; that they met on that day, and "again adjourned to November 18, 1843"; and having met on that day, they "further adjourned to the 29th day of November, 1843"; and on this latter day they administered the poor

debtor's oath to the debtor. The certificate of the justices is dated November 29, 1843, "being by sundry adjournments from Oct. 24, 1843, when said examination was commenced."

The parties agreed upon a statement of facts, from which it appeared, that the defendants could prove by parol evidence, and the same was to be considered as proved, if parol evidence for that purpose was admissible, on objection made thereto, that the adjournment from October 25 to November 18, was made at the request of the attorney of the plaintiffs.

*S. W. Robinson*, for the defendants, said that the justices had found the notifications sufficient, and had admitted the debtor to take the oath prescribed by law. Their determination on these points is conclusive; and no evidence, not even their own record, is admissible to invalidate their certificate. This would 'seem too well settled to require authorities for its support. A few will be cited. 3 Fairf. 415; 13 Maine R. 239; 17 Maine R. 411; 18 Maine R. 152; 19 Maine R. 111 and 452; 20 Maine R. 435.

The parol evidence, to show that the second adjournment was at the request of the attorney for the plaintiff, was admissible, because it does not contradict any statement in the certificate. 1 Fairf. 334; 18 Maine R. 142.

The provision of the statute in relation to adjournments is directory merely, and if they adjourned beyond three days, the defendants ought not to suffer from it. To save a forfeiture, the Court should adopt a liberal construction. 18 Maine R. 142; 4 Greenl. 298.

If the justices exceeded their authority at the request of the plaintiffs, they are estopped from availing themselves of the objection. 1 Fairf. 334; 18 Maine R. 142.

*S. H. Blake*, for the plaintiffs, insisted that the proceedings before the justices did not operate as a bar to the action, because the oath was not taken until after the expiration of the six months. Rev. Stat. c. 148, § 20; *Longfellow* v. *Scammon*, 21 Maine R. 108.

The certificate shows on its face, that the examination was commenced on Oct. 24, 1843, and continued until Nov. 29,

Fales *v.* Goodhue.

1843, and therefore the adjournments exceeded three days, ex-
clusive of Lord's days. The justices thereby became ousted
of their jurisdiction, and the discharge is invalid. c. 148, §
6 and 24.

The parol evidence to show that one of the adjournments
was with the assent of the plaintiffs' attorney is inadmissible ;
because it is an attempt by parol to control a written certifi-
cate ; and because it is a mere narration of what took place
before the justices, and the record is higher evidence.

But if the parol evidence is admissible, it only goes to the
second adjournment, and both difficulties remain untouched.
Their jurisdiction was at an end before the oath was adminis-
tered.

The opinion of the Court was drawn up by

WHITMAN C. J.—This is an action of debt upon a bond,
with a condition, that if the defendant, Nathaniel Goodhue,
should cite the plaintiffs, &c. or pay the debt, &c. or deliver
himself to the keeper of the jail, &c. as prescribed in c. 148
of the Rev. Stat. then, &c. Obligors in such bonds, to avoid
the penalty, are bound to comply with one of the alternatives
contained in the condition, unless prevented by the obligee, or
the law, or the act of God, from so doing. The defence is,
that the principal, Nathaniel Goodhue, did cite the creditors
and take the oath, as prescribed in said statute, and in the
condition of the bond. This is denied by the plaintiffs.

The evidence is, that the defendant, Nathaniel Goodhue,
did cite the creditors before two justices of the peace and of
the quorum, in due season ; but that no oath was administered
to him till more than a month had elapsed, after the six months
prescribed in the statute had expired. By a document furnish-
ed, as being the record of the justices, before whom the cita-
tion was returned, it appears, that they were duly constituted
a tribunal, in accordance with the provisions of the statute, for
the purpose of proceeding under the citation, on the 24th of
October, 1843 ; and that, after proceeding in the business for
some time, they adjourned to the next day ; when, after some

further proceedings, they adjourned again to the 18th of November following; and, after some further proceedings at that time, they again adjourned to the 29th of that month, when they administered the oath, prescribed in the statute, to said Nathaniel. No reason is assigned in the record for either of the adjournments. If admissible, however, it appears, that parol evidence would show, that the second adjournment took place upon the motion of the counsel for the plaintiffs, the then creditors. But nothing of the kind is pretended in reference to the last adjournment.

In *Longfellow* v. *Scammon*, 21 Maine R. 108, it was held, that the oath prescribed, in order to a compliance with the statute, should be taken before the close of the six months next after the giving of the bond. In *Moore* v. *Bond*, 18 Maine R. 142, however, it was held that, if an adjournment of the justices took place at the request of the creditor till the next day after the six months had expired, it would not be allowable for him to object, that the oath was administered on that day. But though the creditor in this instance, should be precluded from objecting to the proceedings at an adjourned session, procured upon his motion, such could not be the case with regard to the subsequent adjournment, not so obtained or occasioned.

Again: the statute (§ 6 and 24) provides, that the justices may adjourn from time to time, but that "no such adjournment or adjournments shall exceed three days, in the whole, exclusive of the Lord's day." If the justices go beyond this limit, thus peremptorily prescribed, their jurisdiction must become annulled. They constitute a tribunal of but a limited jurisdiction. Their powers are specially marked out to them by the law, by which they are conferred; and they should confine themselves to a strict observance of them. It is to be noted, that they may adjourn from time to time, but their adjournments are not to exceed three days in the whole, exclusive of the Lord's day; not three days at each of several times, exclusive of the Lord's day. The justices, however, in this case, disregarded the provision, whether it could be taken to be the

one or the other; and so when the oath was taken it was *coram non judice.*

*Judgment for the plaintiffs.*